**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEITH POOLER,

                     Petitioner,

    - v -                                      Civ. No. 8:16-MC-49
                                                                   (LEK/DJS)

HON. CATHERINE SCHAWE; DOUGLAS H. SQUIRE,
*A.A.A. - Attorney General*,

                     Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

KEITH POOLER
Plaintiff, *Pro Se*
11-A-1736
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Writ of Mandamus Petition, filed by *pro se* Petitioner Keith Pooler. Dkt. No. 1. Pooler has also filed an Application to Proceed *In Forma Pauperis*. Dkt. No. 6. By his Petition, Pooler asks the Court to issue a writ of mandamus to the New York State Court of Claims directing it to set a trial date for his civil action filed in that court. Dkt. No. 1. As explained in the Petition, Pooler sustained injuries while playing a basketball game in the field house at Elmira Correctional Facility, and initiated a civil action in the New York State Court of Claims seeking compensation for those injuries. *Id*. at ¶ A. Because of the amount of time that case has been pending in the Court of Claims, Petitioner asks this Court to issue a Mandamus directing the Court of Claims to schedule a trial.

The Court is foremost concerned with whether jurisdiction exists to entertain this suit and provide the relief sought. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Subject matter jurisdiction may be established in two ways: (1) if there is a federal question pursuant to 28 U.S.C. § 1331; or (2) if there is diversity of citizenship pursuant to 28 U.S.C. § 1332. It is clear that the latter basis for jurisdiction is not present here as the named parties are apparently all citizens of New York State. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In this case, Petitioner seems to invoke the Court's jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651. That statute states, in pertinent part, as follows: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." That Act, however, does not confer jurisdiction; it merely authorizes the federal courts to issue appropriate writs for those

actions it already has jurisdiction over. *Achtman v. Kirby, McInerney & Squire, LLP, et al.*, 464 F.3d 328, 333 (2d Cir. 2006) (quoting *Syngenta Crop. Prot. Inc. v. Henson*, 537 U.S. 28, 33 (2002), for the proposition that the All Writs Act "does not, by its specific terms, provide federal courts with an independent grant of jurisdiction").

Because there is no connected action by which this Court has original jurisdiction, the All Writs Act cannot form the basis for the Court's jurisdiction to entertain Plaintiff's Petition. Accordingly, the Petition should be **dismissed**.

**WHEREFORE**, it is hereby

**RECOMMENDED** that this action be **DISMISSED** based upon a lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Date: May 4, 2017
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge